IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRIC Q. KENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:02CV1034-W |
| | ) | (WO) |
| BROADCAST MEDIA GROUP, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is presently before the court on plaintiff's motion for an order requiring defendant to post a supersedeas bond in an amount sufficient to cover the amount of the judgment against defendant ($130,000.00), attorneys' fees before this court ($167,785.50), costs before this court ($5,645.21), and estimated costs and attorneys's fees on appeal in the amount of $50,000, plus interest at the rate of 3.77% from the date of the jury verdict until the anticipated end of the appeal.  (Doc. # 111).  Defendant responds that "attorneys' fees are not to be included in bonds under F.R.A.P., Rule 7" (Doc. # 113, p. 3), and that the court should exercise its discretion to deny the motion for a cost bond because: (1) defendant's appeal is not "frivolous, unreasonable, or groundless," and (2) defendant is "a responsible business enterprise, with no plans to flee or evade responsibility, should it not prevail on its appeal." (Id., pp. 1-2).

To the extent that plaintiff's motion seeks imposition of a bond for the amount of

the judgment, attorney fees and costs before this court, and interest, the motion is due to be denied. Defendant has not moved for a stay of execution of the judgment and, thus, a supersedeas bond is not necessary or appropriate.

Defendant is correct that the rule relied on by plaintiff, Fed. R. App. P. 7, applies only to bonds for costs on appeal. However, in a civil rights case such as this one – subject to the fee-shifting provisions of 42 U.S.C. § 1988 – a cost bond under Rule 7 may include anticipated attorney fees on appeal. Young v. New Process Steel, 419 F.3d 1201, 1204 (11th Cir. 2005); see also Pedraza v. United Guaranty Corp., 313 F.3d 1323, 1333-35 (11th Cir. 2002). The appellant in this case is the losing defendant in a civil rights case. Thus, the rule enunciated in Young, *supra* – requiring a finding that an appeal is "likely to be frivolous, unreasonable, or without foundation" before a court may require an appellate bond which includes the anticipated attorney fees of an unsuccessful plaintiff in a civil rights case – is inapplicable.

Although the court is not required to find that an appeal is "frivolous, unreasonable, or without foundation," it may consider the merits of an appeal in deciding whether to require a bond, as well as other factors, including the appellant's financial ability to post a bond and the risk of non-payment of costs in the event of an unsuccessful appeal. See RBFC One, LLC v. Zeeks, Inc., 2005 WL 2140994, *1 (S.D.N.Y. Sept. 2, 2005); see also Tri-Star Pictures, Inc. v. Unger, 1999 WL 973506 (2nd Cir. 1999)(unpublished opinion)(affirming

district court's imposition of appellate bond on the basis of appellant's failure to establish financial soundness and determination that issues raised on appeal were "wholly without merit"). The court has no evidence before it from which it can make any determination as to defendant's financial status or the risk of non-payment. With regard to the merits of the appeal, while the court does not consider defendant's appeal to be frivolous, it cannot conclude that defendant will prevail on appeal. Thus, the court will grant plaintiff's motion to require defendant to post a bond. Plaintiff projects that costs and attorney fees will be $50,000.00. (Doc. # 111, p. 2). Defendant does not address the amount of this estimate. Based upon the nature of the issues presented in this case and the court's experience in evaluating fee petitions, the court concludes that an appellate cost bond for the amount of $36,000.00 ($35,000.00 for attorney fees and $1,000.00 for other costs) is sufficient security for the costs that the court anticipates plaintiff will incur on appeal.

Accordingly, it is

ORDERED that plaintiff's motion is GRANTED to the extent that defendant is DIRECTED, pursuant to Fed. R. App. P. 7, to post a cost bond sufficient to secure plaintiff's anticipated costs on appeal in the amount of $36,000.00 on or before October 14, 2005.

DONE, this 4th day of October, 2005.

>	/s/ Susan Russ Walker
>	SUSAN RUSS WALKER
>	UNITED STATES MAGISTRATE JUDGE