IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRIC Q. KENDRICK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.  2:02CV1034-N |
| ) | (WO) |
| BROADCAST MEDIA GROUP LLC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

This action is presently before the court on plaintiff's motion for attorneys' fees and expenses (Doc. # 97) filed on August 3, 2005, defendant's response to the motion (Doc. # 104) filed on August 24, 2005, and plaintiff's supplemental motion for attorney's fees (Doc. # 121) filed on July 21, 2006.

Plaintiff filed this action on September 5, 2002 against defendant Broadcast Media Group LLC, Channel 32 Montgomery LLC, and WNCF-TV alleging that defendants discriminated against him because of his race with regard to promotions, termination and other terms and conditions of employment in violation of  Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  On July 24, 2003, plaintiff amended his complaint to add Duff, Ackerman & Goodrich LLC as a defendant.  On August 6, 2003, plaintiff again amended his complaint to add a retaliatory termination claim pursuant to 42 U.S.C. § 1981. By order entered December 29, 2003, pursuant to Duff Ackerman's motion, the court dismissed all of plaintiff's claims against this defendant.  On February 11, 2004, the court granted defendants' motion for summary judgment as to plaintiff's discriminatory pay claim

and denied the motion as to plaintiff's discriminatory termination and retaliation claims, and the latter claims proceeded to trial. At trial, the court granted plaintiff's motion to dismiss his claims against defendants Channel 32 Montgomery LLC and WNCF-TV. On March 3, 2004, a jury returned a verdict in favor of plaintiff on his discriminatory termination and retaliatory termination claims, awarding plaintiff compensatory damages in the amount of $100,000 and punitive damages in the amount of $30,000 against the sole remaining defendant, Broadcast Media Group, LLC.

After trial, defendant filed a motion for a new trial, which was denied. Plaintiff filed a motion seeking entry of judgment including three years of front pay, back pay in a stipulated amount, declaratory relief and a permanent injunction against future discrimination. Defendant filed a notice of appeal, which was dismissed by the Eleventh Circuit as premature. Thereafter, the court held a hearing on the issue of appropriate equitable relief and granted plaintiff's motion for entry of judgment, including damages as awarded by the jury, back pay as stipulated by the parties, and $48,000 in front pay, less $49,299 in mitigation, for a total front pay award of $0. After entry of judgment, plaintiff filed the present motion for fees and defendant filed a response in opposition to the motion. However, on the parties' joint motion, this court stayed its decision on the motion for fees because of defendant's pending appeal to the Eleventh Circuit. The court thereafter granted plaintiff's motion for an order requiring defendant to post a *supersedeas* bond.

On June 22, 2006, the Eleventh Circuit's decision affirming the judgment of this court issued as a mandate. The court directed plaintiff to supplement the motion for fees; plaintiff

did so on July 14, 2006.  Although it was given an opportunity to respond to the supplementation, defendant has not filed a response.  Plaintiff now seeks an award of fees in the amount of $181,094.70 and expenses in the amount of $6,894.29 for work before this court, and fees in the amount of $49,951.25 and expenses in the amount of $894.38 for work before the Eleventh Circuit.[1]

## DISCUSSION

In this action, plaintiff brought his discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981.  Under these statutes, the court may, in its discretion, allow the prevailing party a reasonable attorney's fee as part of the costs.  42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988. "[A] prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)(quoting S.Rep. No. 94-1011, p. 4 (1976)).  In determining whether a party is entitled to attorney's fees pursuant to § 1988, a district court must first decide whether the party is a "prevailing party." Id. at 433, 103 S.Ct. 1933.  If the party meets this threshold determination, the court must then "determine what fee is 'reasonable.'"  Id.  In the present case, defendant concedes that plaintiff is a prevailing party for purposes of the statutes allowing recovery of attorney's fees.  (Doc. # 104, p. 2).  Thus, the court turns to the issue

---

[1] By order entered July 18, 2006, the Eleventh Circuit granted plaintiff's motion for appellate fees and expenses as to entitlement, and remanded to this court for determination of a reasonable amount.  (Doc. # 122).

of whether the fees and expenses sought by plaintiff are reasonable.[2]

The beginning point in setting an attorneys' fees award is determining the "lodestar figure." The lodestar figure is the number of hours reasonably expended to prosecute the lawsuit multiplied by the reasonable hourly rate for work performed by similarly-situated attorneys in the community. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). After calculating the lodestar figure, the court should then proceed to determine whether any portion of this fee should be adjusted upward or downward. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986).

In making these determinations, the court is guided by the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). These factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or

---

[2] Defendant's motion to strike as untimely the supplemental affidavit in support of attorney's fees (Doc. # 100) is due to be denied. The supplemental affidavit at issue, filed one week after the motion for fees and expenses, merely provided the itemization of time and expenses. Plaintiff's timely filed motion included the total amount of fees and expenses then sought (see Doc. # 97, ¶¶ g, h) and satisfied the requirement of Fed. R. Civ. P. 54(d)(2)(B) that the motion "state the amount or provide a fair estimate of the amount sought." See Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate).").

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases.

## Hours Reasonably Expended

Defendant argues, as an initial matter, that the documentation of hours expended in this litigation is not sufficiently specific to permit the court to assess the time claimed adequately and, thus, that the court should deduct any time entries recorded in "block time." (Doc. # 104, pp. 3-6). The court has reviewed the items identified by defendant's counsel and concludes, contrary to defendant's argument, that those items are sufficiently detailed to advise the court of the tasks performed by counsel and to permit review of the time devoted to those tasks by plaintiff's counsel. Thus, the court declines to strike these entries.

The defendant argues that the amount of hours claimed by the plaintiff is not reasonable because the plaintiff's counsel have not used billing judgment and have claimed redundant, excessive or unnecessary time. See ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). The disputed entries fall into three groups: (1) items as to which defendant contends plaintiff's counsel spent an excessive amount of time; (2) entries reflecting what defendant contends constitute duplication of effort; and (3) entries reflecting clerical tasks.

Duplication/Redundancy. The defendant argues that the compensable time must be reduced because multiple attorneys or paralegals performed certain tasks. Specifically, defendant notes the following: (1) Quinn, Wilson and Jent billed for discussions they had

with each other regarding the case; (2) Quinn and Wilson both billed for work performed on the motion for entry of back-pay, front-pay and injunctive relief; (3) Quinn and Wilson both billed for attending the trial; and (4) Turner and Wiggins both billed for traveling to Montgomery for document inspection. (See Doc. # 104, pp. 9-10). Defendant suggests that the court strike the billing entry of one paralegal or attorney in each identified instance. However, it is not unreasonable for more than one attorney to work on a case, nor is it unreasonable for those attorneys to confer regarding the work they must perform in that case. The court declines to hold that an attorney's conferring with co-counsel about pending motions or trial is duplicative, and likewise concludes that there is a benefit of having co-counsel present at trial and that doing so is not unreasonable. Accordingly, the court declines to reduce the attorney hours on the basis of redundancy. However, plaintiff has not responded to defendant's argument regarding the paralegals' duplication of effort in traveling to Montgomery for document inspection on April 17, 2003. Since each billed 3.0 hours, and since plaintiff does not suggest that these entries have been reduced in the exercise of "billing judgment," it appears that most of the time expended was on the drive from Birmingham to Montgomery and back. Under these circumstances, the court concludes that this constitutes unreasonable duplication of effort and will deduct the entry for Turner's time.

Clerical tasks. Time spent on clerical tasks, even if performed by an attorney, is not compensable. See Miller v. Kenworth of Dothan, 117 F.Supp.2d 1247, 1261-62 (M.D. Ala. 2000). Thus, the court will deduct the time spent by Wilson driving to Montgomery to pick up jury questionnaires (2/27/2004 – 2 hours), adding dates to the calendar (8/23/2004 – 0.25

6

hours), e-filing documents (9/29/2004 - 0.25 hours), and corresponding with the Clerk regarding an e-file error (6/17/2004 – 0.25 hours).

Excessive time. Defendant argues that the time Quinn spent discussing the verdict with witnesses on March 5, 2004, after the trial, is not compensable. The court agrees, and will deduct one hour from this entry. Defendant also contends that the time spent by Kevin Jent on February 9, 2004 and February 10, 2004 to prepare the pretrial order – 7.0 hours – is excessive. The amount of time spent appears to reflect the fact that Jent – who had not previously worked on the case – had to familiarize himself with the record before he could prepare the document. The court agrees that seven hours is not reasonable and will reduce this entry by 3.5 hours.

The court further agrees that the amount of time expended by counsel on the motion for back-pay, front-pay and injunctive relief is not reasonable. After defendant filed a document on September 9, 2004 stipulating to the amount of back-pay, Wilson spent over 37 hours and Quinn spent over 25 hours on the issue of front pay, not including the time spent traveling to and participating in the hearing. Both counsel had previously spent a significant amount of time researching the issue of equitable relief. (See entries for 6/10/2004 through 6/16/2004). In view of the issues presented in the motion and the time previously spent by counsel researching its merits, the time expended by counsel on the motion in September and October 2004 was excessive. Accordingly, the court will reduce Quinn's time by 12 hours and Wilson's time by 20 hours.

Additionally, the time spent by Wilson on April 22, 2004 reviewing the motion for

new trial and the law regarding juror misconduct was not reasonably expended, since plaintiff's response to the motion for new trial had been filed three weeks previously. Thus, this time (0.75 hours) is not compensable. The court further concludes that the time spent by Turner drafting the motion to amend to add defendant Duff Ackerman (1 hour, 7/7/03) was not reasonably expended and is not compensable. The same is true of the time expended by Quinn on December 29, 2003 (3.0 hours) responding to the motion to strike. This response was necessitated by counsel's failure to file properly dated declarations and should not be charged to defendant.

The court has reviewed the remainder of the billing entries for work before this court and before the Eleventh Circuit, including the other items specifically contested by plaintiff (see Doc. # 104, pp. 8-9). It finds that, except for the time identified above, the time claimed by counsel was reasonably expended.[3]

In summary, the court will make the following deductions from the time claimed for work before this court: Turner (4.0 hours); Jent (3.5 hours); Quinn (16 hours); Wilson (23.5 hours). The defendant has not objected to the time claimed for appellate work, and the court concludes that the time claimed by Quinn and Wilson on appeal was reasonably expended.

### Reasonable Hourly Rate

Plaintiff contends that his attorneys and paralegals are entitled to compensation at the

---

[3] Although defendant's appeal to the Eleventh Circuit was ultimately resolved on procedural grounds, plaintiff was required to address the substantive matters raised in defendant's appellate brief.

following rates:

| | |
|---|---|
| C. Michael Quinn | $450.00 |
| Kevin W. Jent | $225.00 |
| Joshua D. Wilson | $185.00 |
| Temple D. Trueblood | $175.00 |
| Lynn Turner (paralegal) | $65.00 |
| Traci Wiggins (paralegal) | $95.00 |

Plaintiff has submitted affidavits from Birmingham attorneys Cynthia F. Wilkinson and Larry Mann, both of whom attest that the specific rates requested are "reasonable and in accord with the prevailing market rate in Birmingham and Montgomery, Alabama for similar litigation and for attorneys of such skill, experience and expertise [as plaintiff's counsel]." (Doc. # 121).  Plaintiff has also submitted the affidavit of Birmingham attorney Joe Whatley. Whatley states that the rates requested by Jent, Trueblood, Turner, and Wiggins are reasonable and in accord with the prevailing market rate in Montgomery, Alabama.  As to Quinn, Whatley states that a reasonable rate is $300 per hour and, as to Wilson, $175 per hour. (Doc. # 108).  In his own affidavit, Quinn states that "the hourly rates currently billed and paid" for similar litigation are $450 for Quinn and $185 for Wilson, and that the hourly rate billed in the present case is consistent with the range of the prevailing hourly rates charged by most law firms in Birmingham and Montgomery for litigation involving comparable skill, effort and responsibility.  (Doc. # 121-4, May 4, 2006 affidavit).  Quinn also states, in another affidavit, that he has "been paid rates ranging from $175 to $350 an[] hour for work performed in discrimination cases."  (Doc. # 121-2, ¶ 13, July 13, 2006 affidavit).

Defendant has filed the affidavit of Montgomery attorney Jimmy Jacobs, who states

9

that the prevailing rate in Montgomery for attorneys with similar skill, reputation and experience as that of Quinn is in the range of $175 to $300 per hour. He further states that, based on length of their bar admissions and practice in employment law, a reasonable rate for Trueblood would be in the range of $150 to $175 per hour, a reasonable rate for Jent would be in the range of $125 to $150 per hour, and a reasonable rate for Wilson would be in the range of $100 to $125 per hour. (Doc. # 104).

The court has considered the affidavits submitted by the parties with regard to the reasonableness of the requested rates. Additionally, in evaluating the reasonableness of the hourly rates claimed, the court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Upon consideration of the Johnson factors, the court concludes that the reasonable hourly rates to be applied in this case are as follows:

| | |
|---|---|
| C. Michael Quinn | $300.00 |
| Kevin W. Jent | $175.00 |
| Joshua D. Wilson | $150.00 |
| Temple D. Trueblood | $175.00 |
| Lynn Turner (paralegal) | $65.00 |
| Traci Wiggins (paralegal) | $65.00[4] |

Calculation of Lodestar

The court calculates the district court lodestar amount as follows:

Quinn:   286 hours (302 hours - 16 hours) x $300/hr = $85,800.00
Wilson:  204.47 hours (227.97 hours - 23.5 hours) x $150/hr = $30,670.50
Jent:    6.5 hours (10.0 hours - 3.5 hours) x $175/hr = $1,137.50

---

[4] Plaintiff has not provided evidence justifying a higher rate for Wiggins.

Trueblood:   0.3 hours x $175/hr = $52.50
Turner       2.0 hours (6.0 hours - 4.0 hours) x $65/hr = $130.00
Wiggins      3.45 hours x $65/hr = $224.25

Total District Court fees: $118,014.75

The court calculates the Eleventh Circuit lodestar amount as follows:

Quinn:    66.5 hours x $300/hr = $19,950.00
Wilson:   108.25 hours x $150/hr = $16,237.50

Total Eleventh Circuit fees: $36,187.50

### Adjustment of Lodestar

Defendant argues that fees should be reduced because plaintiff did not prevail on claims against Duff Ackerman or on his disparate pay claim.[5] Upon review of the itemization provided by plaintiff's counsel, the court concludes – with the exception of the single time entry deducted above (Turner, 7//7/03) – that any time related to Duff Ackerman has already been deducted by plaintiff's counsel.

Defendant contends that "[t]he district court must deduct hours spent on unsuccessful claims." (Doc. # 104, p. 11). This is not a correct statement of the law. The Eleventh Circuit has stated – citing Hensley v. Eckerhart, 461 U.S. 424 (1983) – that if claims on which the plaintiff did not prevail and claims on which he did prevail are distinctly different and based on different facts and legal theories, then no fee can be awarded for services on the unsuccessful claims. Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987). "However, if the unsuccessful and the successful claims 'involve a common core of facts,'

---

[5] This portion of the discussion applies only to the work performed by plaintiff's counsel before this court. Plaintiff was fully successful on appeal.

. . . the court must compare the plaintiff's overall relief with the number of hours reasonably expended in the litigation. If the plaintiff obtained 'excellent results,' his attorney should be fully compensated for all time reasonably expended on the litigation." Id. "However, if the plaintiff obtained only 'partial or limited success,' the court may reduce the lodestar amount if it believes that amount is excessive in relation to the plaintiff's relief." Id. at 1578-79.

Plaintiff prevailed on his claims of discriminatory termination and retaliation. He lost, on summary judgment, on his claim of discriminatory pay. The court concludes, in this case, that the successful and unsuccessful claims share a "common core of facts." While plaintiff worked as an advertising account executive for defendant, he was paid a base salary plus a commission. Plaintiff's unsuccessful discriminatory pay claim had two components: (1) that defendant discriminated against him on the basis of his race by failing to compensate him on a pay scale comparable to that of other account executives in his department; (2) that defendant discriminated against him by failing to provide him with an existing "accounts list," instead requiring him to develop his own new accounts. Plaintiff contended that, because he was not given a list of current customers to whom he could sell advertising, he had less opportunity to make the sales that generated commissions than white account executives who were provided an account list. In defending against plaintiff's successful discriminatory termination and retaliation claims, defendant asserted that plaintiff was terminated – not because of his race or his complaint of discrimination – but because he had failed to meet his sales quotas. There was significant overlap between the facts relevant to plaintiff's termination claims and those used to support his unsuccessful discriminatory pay

claim.

The relief granted to plaintiff as a result of his successful discriminatory termination and retaliation claims was substantial: $100,000 in compensatory damages, $30,000 in punitive damages, and $16,071.81 in back pay. In comparing the overall relief with the number of hours reasonably expended on the litigation, the court concludes that plaintiff obtained "excellent results" and, thus, that his attorneys should be fully compensated for all of the time reasonably expended.[6]

## Expenses

All reasonable expenses incurred in case preparation, during the course of litigation or as an aspect of settlement, except for overhead, may be taxed as costs. The reasonableness of expenses are to be given a liberal interpretation. NAACP v. City of Evergreen, 812 F.2d 1332, 1337 (11th Cir. 1987). Plaintiff seeks an award of costs and expenses in the amount of $894.38 for the appellate phase of this action and $6,894.29 for the trial phase. Plaintiff has supported the request with an itemization, and defendant has not addressed or objected to plaintiff's request for expenses. Accordingly, the court concludes that plaintiff's request for an award of costs and expenses is due to be granted. See Glassroth v. Moore, 347 F.3d 916, 918 (11th Cir. 2003)("Ordinarily, we grant in full applications for fees and expenses to which no objection has been filed, the assumption being that in our adversary system of justice opposing parties can be counted on to look out for their own fiscal well-being and to complain if the requested fees and expenses are out of line.").

---

[6] The court considered the Johnson factors in setting the applicable hourly rates and it concludes that no upward adjustment of the lodestar is warranted in this case.

13

**CONCLUSION**

For the foregoing reasons, it is

ORDERED that defendant's motion to strike (Doc. # 100) is DENIED.

It is further ORDERED that plaintiff's motion for fees and expenses (Doc. # 97) and plaintiff's supplemental motion for attorneys' fees and expenses (Doc. # 121) are GRANTED to the extent that plaintiff will be awarded the sum of $118,014.75 in attorneys' fees and and $6,894.29 in expenses for work before this court, and $36,187.50 in attorneys' fees and $894.38 in expenses for work before the Eleventh Circuit.  A separate judgment will be entered.

Done, this 20th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED   STATES   MAGISTRATE   JUDGE